## García Maitín *v.* Labrador, District Marshal.

### Appeal from the District Court of San Juan.

No. 291.—Decided November 17, 1908.

Mandamus.—Advertisement and Holding of Public Sale—Execution of Judgment.—The duty of a marshal to advertise and hold a public sale arises from the writ of execution of the judgment, and where the application for the writ of *mandamus* does not contain an allegation to the effect that such an order was issued to the marshal, he cannot be compelled by *mandamus* to advertise the public sale.

Id.—Clear Right to Remedy.—Where it does not clearly appear that the petitioners have a right to demand that the marshal, without any excuse on his part shall advertise and hold the public sale, the peremptory writ of *mandamus* will not issue.

The facts are stated in the opinion.

*Mr. Pérez Moris* for appellants.

The respondent did not appear.

Mr. Justice Hernández delivered the opinion of the court.

This is an appeal taken from a decision of the District Court of San Juan on March 31 of the current year, denying a peremptory writ of *mandamus*.

The affidavit on which said decision was rendered, reads as follows:

"In the District Court of San Juan, P. R., *Monserrate and Dominga, García Maitín et al.*, plaintiff, v. *José Labrador Viñals*, marshal of the District Court of San Juan. Writ of *mandamus*. The plaintiffs and execution creditors in the above-mentioned case apply to the

court for a peremptory writ of *mandamus* against the marshal thereof, José Labrador y Viñals, directing him to readvertise and again hold the sale which he had advertised in this case for the 9th instant, which was not held on said date under certain pretexts which will be made the subject of another action, and who now refuses to readvertise it and hold the sale.

"This party is entitled to the execution of the judgment rendered in this case, excepting with regard to Beatriz de los Angeles, because with respect to her, said judgment has been stayed by the Supreme Court.

"Consequently, and except as to Mrs. de los Angeles, the execution of the judgment should have been and should be proceeded with, and the said sale should have been and should be held.

"This party being interested in the interest which Mrs. de los Angeles now has recorded in her name in the estate of "Santa Rosa" of Bayamón, she established her claim and so established it a number of times to Marshal Labrador, alleging a certain fact which appears in the record and in the Registry of Property of San Juan; that said record in the name of Beatriz de los Ángeles is absolutely subordinate to the entry, in the said registry, of the original complaint in this case, being of a date subsequent to such entry, and, consequently, subject in every respect to the effects and outcome of these proceedings.

"We allege, furthermore, that the judgment rendered in this case and affirmed by the Supreme Court was duly recorded in the said registry of property and that said judgment with specific reference to the estate of "Santa Rosa" considers the latter included in the inheritance of Beatriz Alos, with the exception of a certain interest in the ownership thereof, of which the judgment directs the delivery to the plaintiffs which has been done by the record of the interest of such ownership. But the judgment further orders that the heirs of Beatriz Alos deliver to the plaintiffs the value of the house at No. 75 San Sebastián Street, in this capital, which was found to be $6,200, and demand having been unsuccessfully made on said heirs to pay this sum in cash which the predecessor in interest left, amounting to $9,640.44, the attachment and sale of the property of the said estate of heirs of Beatriz Alos should be carried out to satisfy the judgment, which, as will be observed, has not affected nor could it affect Beatriz de los Angeles, because the latter who is one of the heirs can only validate and legally claim the record in her favor of the remainder of the estate of "Santa Rosa" after the judgment has been fully satisfied and executed with respect to the estate or heirs of Beatriz Alos, with

which entity her personality cannot be confounded nor amalgamated in any respect, although she forms part thereof.

"If we were to admit that the judgment affects Mrs. de los Angeles as a member of the Estate of Alos, we would be making a distinction which neither the Supreme Court nor Mrs. de los Angeles herself has made, and we would go further than the Supreme Court with regard to the arrest of judgment, because it would be necessary to stay it in the first place with relation to the Estate of Alos, which has not been ordered by the Supreme Court.

"Said high tribunal has only ordered that the judgment be stayed in so far as it affects Beatriz de los Angeles, and it can be stayed only in so far as it actually and legally affects her.

"And as it has been fully established that the sale which this party prays for and which Marshal Labrador has refused and refuses to hold, is perfectly demandable in accordance with the provisions of section 240 of the Code of Civil Procedure and in no way affects Beatriz de los Angeles, but only the Estate of Beatriz Alos, with respect to which the judgment is not stayed.

"Therefore I pray the court to issue a peremptory writ of *mandamus* requiring the marshal of the court, José Labrador y Viñals, to proceed immediately to readvertise and hold the sale of the interest amounting to 15,092.78 Mexican *pesos,* out of a total value of 22,915 Mexican *pesos,* in the estate of "Santa Rosa," of Bayamón, described in the records of the above-mentioned case, and that the announcements of said sale set forth that although said interest is recorded in the name of Beatriz de los Angeles, said record is subordinated in the registry, by virtue of a prior record, to the effects and results of the original complaint in this action and the judgment rendered therein against the estate of heirs of Beatriz Alos in whose name the said estate was recorded prior to the record of the complaint in the registry. San Juan, P. R., March 12, 1908.  N. Pérez Moris, Attorney for the Plaintiffs."

The District Court of San Juan on the said March 31, held that the issue of the peremptory writ of *mandamus* applied for did not lie, and the petitioners took an appeal from this decision to this Supreme Court on April 6 following.

Upon examining the application for the writ of *mandamus,* we find that it does not contain the allegations necessary to compel Marshal José Labrador to advertise and hold the

sale in question, because the duty of said marshal to advertise and hold such sale would be derived from the writ issued to him for the execution of the judgment rendered in the proceedings in which the petitioners are interested, and the latter do not affirm that such order was issued to the marshal, nor do they state the extent or scope of the same.

The petition for the writ of *mandamus* appears to be drawn in confusing terms, and in order to understand it properly, it would be necessary to have recourse to the record of the action in which the judgment was rendered, the execution of which is involved, which record we do not have before us.

The right which the petitioners allege to compel the marshal of the District Court of San Juan, without any excuse on the part of the latter, to advertise and hold the sale to which they refer, does not appear clearly, and, consequently, the issuance of a peremptory writ of *mandamus* does not lie, in accordance with the provisions of section five of the act to establish the writ of *mandamus,* approved March 12, 1903.

As it has not been established that the lower court committed any error of law or of fact in rendering the decision appealed from, it should be affirmed with the costs against the appellants.

*Affirmed.*

Justices Figueras and Wolf concurred.

Mr. Chief Justice Quiñones and Mr. Justice MacLeary did not sit at the hearing of this case.